(21 Misc. Rep. 460.)

## FINKELSTEIN v. WALDO.

(Supreme Court, Appellate Term. October 28, 1897.)

CONTRACT WITH AGENT—LIABILITY OF PRINCIPAL.

    Where, in an action to recover for services, the plaintiff undertakes to show that the third party upon whose orders he did the work acted as the mere agent of defendant, it is competent for defendant, under a general denial, to show that he employed the third party to do the whole work, and paid him therefor, and in that connection to put in evidence the contract between defendant and the third party, and the latter's receipts for payments made thereon.

Appeal from city court of New York, general term.

Action by Louis Finkelstein against Gertrude R. Waldo. From a judgment of the general term (46 N. Y. Supp. 686) affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. P. Okie, for appellant.

F. G. Anderson (F. Eberhardt, of counsel), for respondent.

McADAM, J.    The action was to recover for painting certain houses belonging to the defendant.    The plaintiff proved that the work was done by him on the order of one Converse, and, to charge the defendant, he then endeavored to show that Converse was her agent respecting the work.    The defendant denied the agency of Converse, and in defense undertook to prove that she had contracted with Converse for the work, and paid him for it, all of which was excluded under exception.    The written contract with Converse, and his receipts for the payments made thereon, were also offered by the defendant, and excluded, under exception, on the ground that they were incompetent, immaterial, and irrelevant.    This was error.    The vital question involved was whether Converse was, as the defendant claimed, an independent contractor, and the plaintiff a subcontractor who did his work on the credit of Converse, or whether Converse was, as the plaintiff claims, a mere agent acting on the credit of the defendant.    There was no proof of an employment of the plaintiff by the defendant personally, but by Converse under an agreement had with the plaintiff, fixing the price and terms.    The contract between the defendant and Converse became all-important, therefore, to establish the real relations existing between them, and to negative the agency alleged.    "Such proof, although consisting entirely of affirmative proof of a contract different from that alleged, was negative in its character, and admissible under a general denial of the allegations of the complaint, and as showing what the contract, as made, was, and thus subverting the plaintiff's case."    Hebbard v. Haughian, 70 N. Y. 54, at page 59.    Where there is a conflict as to who is the real employer, it is competent for the defendant to show that he employed another person to do the whole work (Pomeroy v. Pierce, 5 Hun, 119), and paid him therefor (Gerish v. Chartier, 1 C. B. 13).    Indeed, under a general denial the defendant has a right to show anything tending to disprove the cause of action alleged. Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388; Baylies, Code Pl. 231. A general denial, like the general issue under the former practice, puts in issue the existence at any time of the cause of action alleged, and admits of evidence to establish such a defense.    The exclusion of the evidence offered precluded the defendant from showing the terms and conditions under which her property was improved (Dietrich v. Dreutel, 43 Hun, 342), and left the inference undisputed that she had received the benefit of the plaintiff's work without paying for it.    This may have influenced the jury in finding for the plaintiff.

The exceptions taken are fatal to the judgment, which must be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.