(121 App. Div. 469.)

HUNTER v. BLODGET.

(Supreme Court, Appellate Division, Second Department. Oct. 4, 1907.)

CONTRACTS—ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action for a commission under an oral agreement, where plaintiff, an architect, testifies that defendant was to pay him 10 per cent. of the gross amount of a contract as a consideration for refraining from

figuring on it, and that defendant stated he was to receive 20 per cent. of the gross amount, but defendant testifies that he had promised to pay 10 per cent. of the net profits on the contract, and that he informed plaintiff that his own commission was 20 per cent. of the net profits, evidence that in fact defendant was to receive 20 per cent. of the net profits is admissible.

Appeal from Trial Term, Westchester County.

Action by Frederick Leo Hunter against H. Townsend Blodget. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Dwight McDonald (William N. Cohen, on the brief), for appellant. Joseph Fitch, for respondent.

MILLER, J. The plaintiff and defendant were architects. Both were engaged in figuring upon and obtaining work for a firm of interior decorators. Plaintiff claims that the defendant agreed to give him 10 per cent. of the gross amount of a certain contract then under consideration, if he, the plaintiff, would not figure on it, and he asserts that the defendant said that he, the defendant, received as a commission 20 per cent. of the gross amount of the contract, which he would divide with the plaintiff. The gross amount of the contract in question was $15,135. Had the plaintiff obtained the work, he would have received 5 per cent. of that amount, or $756.75, but he claims that, in consideration of his doing nothing at all, the defendant agreed to give him twice that amount, or $1,513.50, and the judgment appealed from awards him the latter sum. The defendant's version of the transaction was that he was to give the plaintiff 10 per cent. of the net profit made by the firm taking the contract, and the defendant says that he informed the plaintiff that his, the defendant's commission was 20 per cent. of such net profit. The court excluded evidence offered by the defendant to show the terms of the defendant's employment by the firm of contractors, and the exception to said ruling requires a reversal of the judgment. It does not seem necessary to discuss the proposition that such evidence bore directly upon the issue to be decided by the jury. It is not likely that the defendant agreed to give more than he was to receive. The issue between the parties was whether the agreement was to pay 10 per cent. of the gross amount of the contract or 10 per cent. of the net profits, and any circumstances bearing upon the probability or improbability of either version of the transaction was relevant. Ostrander v. Snyder, 73 Hun, 378, and cases cited on page 382, 26 N. Y. Supp. 263, affirmed 148 N. Y. 757, 43 N. E. 988.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.