### CALDWELL et al. v. GLAZIER.

Supreme Court, Appellate Division, First Department.   June 10, 1910.)

**1.** SALES (§ 358*)—ACTIONS FOR PRICE—EVIDENCE—ADMISSIBILITY.

Where defendant in an action for the price of electric fixtures pleaded a general denial, and affirmatively alleged that he had dealt with a third person, and had bought the goods from him, and had paid him therefor, and the evidence was conflicting on the question whether defendant had

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

selected the goods at plaintiff's shop, defendant could show his relations . with the third person, and how the third person came to act, and what was done by him, as bearing on the truth of the defense that he did not purchase from plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1049; Dec. Dig. § 358.*]

2. MECHANICS' LIENS (§ 31*)—"IMPROVEMENT" OF REAL PROPERTY—GAS AND ELECTRIC FIXTURES.

Under the lien law (Laws 1897, c. 418), giving a lien for labor or materials for the improvement of real property, and defining the word "improvement" as including the erection, alteration, or repair of any structure on, connected with, or beneath the surface of any real property, and any work done on such property, or materials furnished for its permanent improvement, and specifically repealing Laws 1895, c. 673, giving a lien for materials used in improving or equipping any house with any fixtures for supplying gas or electric light, gas and electric fixtures furnished to a house do not constitute an improvement of real property, because such fixtures are not permanently annexed to the building, but are merely for the temporary use of the occupant, subject to be removed by him.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 36; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, vol. 4, pp. 3452-3460.]

Clarke, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Edward F. Caldwell and another against Henry S. Glazier. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

See, also, 128 App. Div. 315, 112 N. Y. Supp. 655.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, CLARKE, DOWLING, and MILLER, JJ.

Alfred F. Seligsberg (Edmond E. Wise, of counsel), for appellant.
Austin E. Pressinger (Richard S. Newcombe, on the brief), for respondents.

CLARKE, J. This is an action to foreclose a mechanic's lien. There are two questions presented by this appeal: First, a question of fact: Did the plaintiffs sell to, and did the defendant buy from the plaintiffs, the electrical fixtures made the subject of this suit? The defendant claims that he dealt with one Cottrell, who was his decorator, and that he paid him in full for the goods here sued for. The respondents claim that after Cottrell and the plaintiffs had made up a tentative list of the articles thought suitable for defendant's house, that the defendant and his wife came to respondent's place of business with Cottrell, and themselves picked out the articles after discussion and at a price agreed upon. Cottrell is dead. There is no dispute but that the plaintiffs furnished the goods, and that they were installed in the defendant's house, nor is there any dispute that the plaintiffs have not been paid for them.

The court resolved the questions of fact in favor of the plaintiffs. The serious question arises upon the exclusion of evidence. The record is as follows:

"The Court: You offer to show that you had a contract with Cottrell, the architect, for the doing of this work, and that you paid him in full for the work, and that that work included the installation of electrical fixtures?

"Defendant's Counsel: Yes; and I want to offer in evidence copies of orders addressed by Mr. Cottrell to Mr. Glazier directly, including fixtures, for $1,832.35, copy of the order dated June 5, 1907, amounting in the whole to $10,750, copy of an order to Mr. Glazier dated November 25, 1907, showing goods completed and delivered to that day as $11,004.47, which included electrical fixtures as per contract with E. F. Caldwell & Co., $1,832.35. I offer all these in evidence. (Objected to as incompetent, irrelevant, and immaterial, and not within the issues and not binding upon the plaintiff. Objection sustained. Exception)."

I think where there was a general denial, as well as an affirmative defense that the defendant was dealing with Cottrell, bought the fixtures from him, and paid him therefor, that the defendant had the right to show what his relations with Cottrell were, especially as the evidence on the crucial question of purchase resulted in a direct conflict between an employé of the plaintiffs upon one side and the defendant upon the other.

Finkelstein v. Waldo, 21 Misc. Rep. 460, 47 N. Y. Supp. 590, is very nearly on all fours with the case at bar. McAdam, J., with whom Daly, P. J., and Bischoff, J., concurred, writing for the Appellate Term, reversed a judgment of the City Court for error in the exclusion of contracts and receipts for payments. The court said:

"The vital question involved was whether Converse was, as the defendant claimed, an independent contractor and the plaintiff a subcontractor who did his work on the credit of Converse, or whether Converse was, as the plaintiff claims, a mere agent acting on the credit of the defendant. There was no proof of an employment of the plaintiff by the defendant personally, but by Converse under an agreement had with the plaintiff fixing the price and terms. The contract between the defendant and Converse became all important, therefore, to establish the real relation existing between them and to negative the agency alleged. 'Such proof, although consisting entirely of affirmative proof of a contract different from that alleged, was negative in its character, and admissible under a general denial of the allegations of the complaint, and as showing what the contract as made was, and thus subverting the plaintiff's case.' Hebbard v. Haughian, 70 N. Y., at page 59. Where there is a conflict as to who is the real employer, it is competent for the defendant to show that he employed another person to do the whole work. (Pomeroy v. Pierce, 5 Hun, 119), and paid him therefor. Gerish v. Chartier, 1 C. B. 13. * * * The exclusion of the evidence offered precluded the defendant from showing the terms and conditions under which her property was improved (Dietrich v. Dreutal, 43 Hun, 342), and left the inference undisputed that she had received the benefit of the plaintiff's work without paying for it."

See, also, Hunter v. Blodget, 121 App. Div. 469, 106 N. Y. Supp. 48; Ostrander v. Snyder, 73 Hun, 378, 26 N. Y. Supp. 263, affirmed, 148 N. Y. 757, 43 N. E. 988.

It seems to me, when the evidence showed Cottrell going to the plaintiffs and making up with their employé a tentative list, then the defendant coming to their shop with Cottrell, going over the list and looking at the things for the purpose of approval, with the testimony of the defendant in contradiction of that of Miller, that taking all the circumstances of the case as proved, the relation of Cottrell to the matter, how he came to act, and what was done with him, was a part of the res gestæ, and the defendant had a right to show just exactly what those relations were as bearing upon the truth of the defense that he

did not purchase from the plaintiffs. I do not see how otherwise a defendant who has paid his direct contractor could ever escape from a double payment if he was not permitted to introduce such evidence as bearing upon the truth of his story, especially when the whole case rests upon oral testimony, when no bills were sent by plaintiffs to defendant, and no demand made until some time after the event.

The second question is one of law, whether the particular articles sued for come within the lien law. I think they do. Gas and electrical fixtures were distinctly put into the former lien by chapter 673, Laws 1895. There they appeared with all sorts of other things, "materials which have been used or are to be used in erecting, altering, or repairing any house, wharf, pier, bulkhead, bridge, vault, building, or appurtenances to any house, building, or building lot, including fences, sidewalks, pavings, fountains, fish ponds, fruit and ornamental trees, * * * or furnish any materials which have been used in improving or equipping any house, building, or appurtenances with any chandeliers, brackets, or other fixtures or apparatus for supplying gas or electric light."

Two years thereafter the present law was adopted. Chapter 418, Laws 1897. In Schaghticoke Powder Co. v. Greenwich & Johnsonville Ry., 183 N. Y. 306, 76 N. E. 153, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751, where the Court of Appeals held that dynamite used in blasting out frozen earth of the right of way of a railroad was the subject of a lien, the court, as bearing upon the construction of the statute, refers to the history of legislation upon the subject of mechanic's liens, and to the report of the revision commission, and quotes their report. The opinion refers to the prior statutes beginning with the statute of 1869:

"When these statutes are read in connection with the report of the commissioners of revision made in presenting the lien law now in force to the Legislature, it becomes obvious that, while the law of 1885 was much broader in scope than any of its predecessors, it was not considered liberal enough to cover all the cases in which labor performed or materials furnished resulted in the improvement of real property, and thus contributed to the permanent enhancement of its value. It would be difficult to suggest anything more comprehensive than the language used in the present statute. * * * When this language is contrasted with the specific and restricted phrases of the former statutes, it is plain that the Legislature intended to bring all labor performed or materials furnished in the improvement of real estate, no matter by what name they may be called, or by what description they may be designated, within the liberal and beneficent purposes of the statute. In this view of the statute, we do not see why the materials furnished by the appellant are not comprehended within its terms."

The act also provides:

"This article is to be construed liberally to secure the beneficial interest and purposes thereof."

As the Legislature deliberately put these articles into the lien law as a proper subject of lien, based upon the view that such fixtures and equipments were in their nature an improvement of the real estate and two years after enacted a revision of all the lien laws, simplified in language, eliminating the enumeration theretofore employed and apparently intended to cover the whole subject, it seems to me that every-

thing theretofore put into the statute by precise terms remained, and is included, within the broad and general terms of the new act, which was not intended to restrict or to cut down, but to be more liberal than anything which had preceded it. In the case at bar I think the lien did attach and the suit was properly brought in equity for foreclosure thereof.

I am authorized to say that the whole court agrees that the judgment must be reversed and a new trial ordered upon the ground of the error in the exclusion of the evidence hereinbefore alluded to. The majority of the court are of the opinion that the electrical fixtures and equipment, the value of which is herein sued for, are not included within the terms of the existing lien law, and that a personal action only will lie to recover. I disagree and think the lien valid.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM, P. J. I concur with Mr. Justice CLARKE in the reversal of this judgment upon the ground that the contract and other evidence offered as to the relation between the defendant and Cottrell was competent, but I do not agree with his conclusion upon the second question discussed in his opinion, as I do not think that under the lien law as it at present exists gas and electrical fixtures furnished to a house constitute an improvement of real property.

By chapter 673, Laws 1895, it was expressly provided that a person furnishing "any materials which have been used in improving or equipping any house, building or appurtenances with any chandeliers, brackets or other fixtures of apparatus for supplying gas or electric light" was entitled to a lien for the materials so furnished. But, when the present lien law was adopted (chapter 418, Laws 1897), this provision was stricken out, and, in lieu thereof, it was provided by section 3 of the act that:

"A contractor, subcontractor, laborer or materialman, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property to be improved."

Thus, to justify a lien, the person seeking to establish it must furnish materials for the improvement of real property. Section 2 of the act provides that:

"The term 'improvement' when used in this chapter, includes the erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property, or materials furnished for its permanent improvement."

It certainly cannot be assumed that the Legislature by this amendment intended to continue in force the provision of the act of 1895. That was specifically repealed, and, in lieu thereof, the materialman was given a lien for all articles that went to the permanent improvement of the real property, making the idea of permanence the crucial

test. What was connected with the mere temporary use of the property and had no relation to its permanent use was it seems to me excluded. When the real property is a private residence, ordinary articles of furniture, carpets, and hangings would not be a permanent improvement of the property, for they are articles that the tenant or occupier of the property could remove when his temporary occupation was ended, while furnaces, ranges, or machinery intended to be a part of the property itself and used by any occupier of the property would clearly be materials furnished for the permanent improvement of the property. It seems to me that gas and electric light fixtures which a tenant would be entitled to remove, and which clearly would not pass as between vendor and vendee or mortgagor and mortgagee, cannot be said to be furnished for the permanent improvement of the real property. All of these fixtures are annexed to or connected with the building by screws or wires for the use of the tenant occupying the building. Their location and style depends upon the taste or fancy of the occupant as well as the nature of the illumination, whether gas, electricity, or other illuminant be used. The case of Schaghticoke Powder Co. v. Greenwich & Johnsonville Ry., 183 N. Y. 306, 76 N. E. 153, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751, seems to me entirely in line with this construction of the statute. It was there held that dynamite used in blasting out the frozen earth of the right of way of a railroad was the subject of a lien. It was material furnished for excavating the property so as to permit the construction of a railroad. Thus the material was used for a permanent improvement of the property in which the owner of the property was engaged, and for which the dynamite was furnished. The court there said that the present statute was adopted because the existing acts were not considered liberal enough to cover all the cases in which labor performed or materials furnished resulted in the improvement of the real property, and thus contributed to the permanent enhancement of its value. Thus whenever a person furnished materials which contributed to the improvement of real property, and thus contributed to the permanent enhancement of its value, was embraced within the lien law of 1897, and it seems to me that these electrical fixtures are not within this definition. There is nothing permanent about their annexation to the building. They are merely for the temporary use of the occupant subject to be removed by him when he vacates the building, and have no relation to the permanent improvement of the property or the enhancement of its value. I therefore think a person furnishing such gas and electrical fixtures is not entitled to a lien.

McLAUGHLIN and SCOTT, JJ., concur.