(83 Misc. Rep. 636)

### WAHLE–PHILLIPS CO. v. FITZGERALD et al.

(Supreme Court, Special Term, New York County. January, 1914.)

1. MECHANICS' LIENS (§ 30*)—PROPERTY SUBJECT—FIXTURES IN OFFICE BUILD-ING.

   Under Lien Law (Consol. Laws, c. 33) § 3, authorizing a lien against the fee interest of the owner for improvement of real property, there can be no lien for fixtures furnished an office building in process of construction by virtue of a lease from the owner, where the fixtures of standard make were not distinctive about their finish or construction, and no injury would be caused by their removal, and there was no scheme or decoration in relation to which the fixtures were designed, and there was no provision in the lease that the fixtures would become the property of the owner.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 35; Dec. Dig. § 30.*]

2. MECHANICS' LIENS (§ 30*)—PROPERTY SUBJECT—THEATER FIXTURES.

   Under Lien Law (Consol. Laws c. 33) § 3, authorizing a lien against the fee interest of the owner for improvement of real property, a lien existed for fixtures installed in a theater erected by virtue of a lease from the owner, where the fixtures for the most part were made from special designs to harmonize with the interior construction and decoration of the theater.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 35; Dec. Dig. § 30.*]

3. MECHANICS' LIENS (§ 73*)—CONSENT OF OWNER—LEASE.

   A requirement in a lease that a tenant shall make improvements upon the premises is sufficient consent of the owner to charge his property with liens for labor and material supplied in making such improvements.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 87, 88, 90–102; Dec. Dig. § 73.*]

4. MECHANICS' LIENS (§ 75*)—CONSENT OF OWNER.

   Where a lease, authorizing the construction of a theater building, expressly called for lighting fixtures, and the attorney in fact of the owner, while the latter was abroad, represented her and employed an inspector to supervise the work, the consent of the owner is sufficiently shown so as to authorize a lien against the fee interest of the owner for installing such fixtures.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 103–107; Dec. Dig. § 75.*]

Action by Wahle-Phillips Company against Mary A. Fitzgerald and others to foreclose a mechanic's lien. Judgment rendered.

John A. Dutton, of New York City, for plaintiff.

Winthrop E. Dwight, of New York City (Thomas A. Thatcher, of New York City, of counsel), for defendant Fitzgerald.

COHALAN, J. The plaintiff sues to foreclose a mechanic's lien against the fee interest of the defendant Fitzgerald. Other defendants, who were tenants, under a lease from the owner of the land, defaulted on the trial. On the 20th day of September, 1909, the owner leased the corner plot of land at Broadway and Forty-Third street to Frank R. Tate and the Broadway & Forty-Third Street Building Company. Tate thereafter assigned his interest in the lease to the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant company. A substantial fireproof building, under the terms of the lease, was to be erected thereon, and a theater was to occupy the entire rear portion of the land. A building loan agreement, secured by a bond and mortgage, was executed at the same time. The mortgage covered the tenants' interest in the leased premises, including whatever personal property they might thereafter install in the structure. The owner, under the terms of the building loan agreement, was to advance in installments, as the work progressed, the sum of $500,000. An office and theater building was thereupon completed by the C. L. Gray Construction Company, the general contractors for the work. A contract was made in August, 1910, between the C. L. Gray Construction Company and the plaintiff for furnishing and installing lighting fixtures in the respective theater and the office parts of the building. Fixtures to the value of $1,331.50, for which no claim in this action is made, were installed under that contract. On the 1st day of December, 1910, the plaintiff entered into a contract with the Broadway & Forty-Third Street Building Company and the C. L. Gray Construction Company. It also made a further contract with the Broadway & Forty-Third Street Building Company which modified the contract to which the C. L. Gray Construction Company was a party. The plaintiff asserts a lien for materials furnished and labor performed under these respective contracts. It claims that there is due from the Broadway & Forty-Third Street Building Company the sum of $2,329.28, that of this amount the sum of $329.28 is due for fixtures actually installed in the theater, and that the balance is due for fixtures in the office portion of the building. The subject for consideration is whether or not the fixtures installed in the office building, within the meaning of sections 2 and 3 of the Lien Law, were permanent improvements upon the real property.

[1] The defendant Fitzgerald contends that none of these fixtures constituted such an improvement to the realty. Section 3 of the Lien Law (Consol. Laws, c. 33; Laws 1909, c. 38) provides as follows:

"A contractor, subcontractor, laborer or materialman, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

An examination of the fixtures, which were introduced in evidence, shows that they were of standard make, and were sold by other manufacturers and in the trade by wholesale and retail dealers. There was nothing distinctive or peculiar about their finish or construction. It would seem (a) that there was no scheme of interior decoration in the office building with relation to which the fixtures were designed; (b) that there would have been no injury, either to the fixtures or to the office building, in the removal of fixtures of this type; and (c) that there was no provision in the lease, upon the termination thereof, that the fixtures would become the property of the owner of the fee. I am satisfied, from the authorities, that the office fixtures in this case are not a permanent improvement to the real estate. Caldwell v.

Glazier, 138 App. Div. 826, 123 N. Y. Supp. 622; Wahle-Phillips Co. v. Fifty-Ninth St.-Madison Ave. Co., 153 App. Div. 17, 138 N. Y. Supp. 13; McKeage v. Hanover Fire Ins. Co., 81 N. Y. 38, 37 Am. Rep. 471. In the case of Caldwell v. Glazier, supra, the test adopted was whether or not the fixtures would pass upon the termination of the lease to the owner of the real property. The majority of the court held that, unless this were true, the installation of lighting fixtures was not a permanent improvement to the real property within the purview of the statute. The fixtures in evidence, under that decision, would not become a part of the real estate.

[2] While it is manifest that these office fixtures were not specially designed with reference to the general decorative scheme and architecture of the building, the same thing cannot be said of the fixtures placed in the theater part of the building. The theater fixtures, for the most part, were made from special designs to harmonize with the interior construction and decoration of that part of the building. These fixtures in any event fall within the decision of Wahle-Phillips Co. v. Fifty-Ninth St.-Madison Ave. Co., supra. It is stipulated that the lien claimed against the theater portion of the building amounts to the sum of $329.28.

[3] The defendant Fitzgerald further asserts that the plaintiff is not entitled to a lien because the knowledge and consent of the owner had not been shown. The rule of law is that a requirement in a lease that a tenant shall make certain improvements upon the premises is sufficient consent of the owner to charge his property with liens for labor and materials supplied in making such improvements. Burkitt v. Harper, 79 N. Y. 273; Otis v. Dodd, 90 N. Y. 336; Wahle-Phillips Co. v. Fifty-Ninth St.-Madison Ave. Co., supra.

[4] The lease in evidence expressly called for lighting fixtures such as were subsequently installed in the building by the plaintiff. Furthermore, while the defendant Fitzgerald was abroad, her attorney in fact represented her in matters relating to the construction of the building, and employed an inspector to supervise such work. Through these conceded agents and the authority contained in the lease and the specifications, the consent of the owner to the installation of the fixtures has been sufficiently established. The plaintiff is entitled (1) to a personal judgment for the full amount of the unpaid purchase price of all of the fixtures against the defendant Broadway & Forty-Third Street Building Company, and (2) to a lien against the fee interest in the premises of the defendant Fitzgerald for the unpaid price of the fixtures installed in the theater part of the building. Decision and judgment may be submitted on notice.

Judgment accordingly.