(92 Misc. Rep. 182)

### NEWMAN v. MONTROSE REALTY CO.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. FIXTURES ⬦⬦5—GAS AND ELECTRIC FIXTURES—CHARACTER AS REALTY.

Where an apartment house, with accommodations for many tenants, was fitted out complete with gas and electric fixtures of a common design according to a common decorative scheme, the intention was to make a permanent improvement to the building, and the fixtures become part of the realty.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 4; Dec. Dig. ⬦⬦5.]

2. SALES ⬦⬦480—CONDITIONAL SALE—RESERVATION OF TITLE—SUFFICIENCY OF EVIDENCE.

In an action against a purchaser at foreclosure for the conversion of electric fixtures alleged to have been installed under a conditional sale agreement to secure the price, evidence *held* insufficient to support verdict for the plaintiff, the seller's assignee, on the theory that the goods were actually sold under a conditional agreement of which the mortgagee had notice.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1439–1448; Dec. Dig. ⬦⬦480.]

Appeal from City Court of New York, Trial Term.

Action by Kenneth C, Newman against the Montrose Realty Company. Judgment for plaintiff. From an order denying defendant's motion for new trial, the latter appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

William F. Clare, of New York City, for appellant.

Abraham L. Geilich, of New York City (J. A. Seidman, of New York City, of counsel), for respondent.

PAGE, J. This is an action to recover damages for the conversion of electric fixtures alleged to have been installed in a building under a conditional sale agreement to secure payment of the purchase price. The defendant is a purchaser of the premises upon foreclosure of a building loan mortgage and refused to allow the fixtures to be removed. The plaintiff's assignor sold the fixtures and agreed to install them in an apartment house in course of construction by the Lentz Realty Company. The bill of sale at first provided that title should remain in the vendor until full payment of the purchase price, and was duly filed on March 11, 1912, pursuant to the requirements of the Personal Property Law. The Lentz Realty Company had contracted for advances of money upon the property and building under a building loan mortgage from one Rosenthal. In May, 1912, a payment became due from Rosenthal to the Lentz Realty Company under the building loan agreement, and Rosenthal objected to the conditional bill of sale upon the electric fixtures. Thereupon the matter was taken up with the plaintiff's assignor, and a new agreement made for the fixtures at a price which was $75 less than that originally charged.

The conditional sale agreement filed March 11, 1912, was canceled and discharged of record, and a new bill of sale give to the Lentz Realty Company, which omitted the words "title to remain in the vendor until payment of the purchase price." However, a copy of the new contract and bill of sale, which was retained by the vendor, still contained the conditional sale clause. Rosenthal testified that he was shown the vendee's copy of the bill of sale for the fixtures, which contained no conditional clause, and that he telephoned the vendor, and was advised by Lefkowitz, one of its employés, who sold the fixtures, that there was no condition attached to the sale. This conversation was denied by Lefkowitz.

The second conditional sale agreement was not filed by the vendor until July 30, 1912, several months later, at which time all the advances under the building loan mortgage had been made, the fixtures had been delivered to the premises, and the work of installing them practically completed. It was clear, therefore, that if the building loan mortgage was an incumbrance upon the electric fixtures, the plaintiff's conditional sale agreement was not binding upon the mortgagee, Rosenthal, unless he had actual notice of it, since it was not filed in time to charge him with notice.

[1] The building loan agreement provided that the borrower should erect a six-story elevator apartment house, in which all rooms should have gas and electric lights, and one of the conditions of the final payment provided therein was that the gas and electric fixtures should be in and apartments ready for occupancy. This building, so equipped, was the security for the loan. Though electric fixtures, when installed for the convenience of a tenant in a private house, to be removed by the tenant at his pleasure, have been held to be personal property, and not an improvement upon the real estate (Caldwell v. Glazier, 138 App. Div. 826, 123 N. Y. Supp. 622), I think there can be little doubt that where, as in the case at bar, an apartment house with accommodations for many tenants is fitted out complete with gas and electric fixtures of a common design, according to a common decorative scheme, the intention is to make a permanent improvement to the building and the said fixtures become a part of the real estate (Wahle-Phillips Co. v. 59th Street Co., 153 App. Div. 17, 138 N. Y. Supp. 13, affirmed without opinion 214 N. Y. 684, 108 N. E. 1110). I am of the opinion, therefore, that upon the undisputed facts the electric fixtures became a part of the security for the loan, and the refusal of the learned trial justice to so charge the jury was reversible error.

[2] Upon the questions of fact whether the goods were actually sold under a conditional agreement of sale and whether the mortgagee had notice thereof, I think the verdict of the jury was against the weight of evidence. The plaintiff's explanation of the cancellation of the first conditional sale agreement of record and the vendor's denial of the transaction with Rosenthal were hardly credible in the face of the facts that the purchaser's copy of the contract supported the defendant's version of the matter. No satisfactory reason was shown why the two so-called "copies" of the contract, both on the vendor's letter head forms, were not alike.

I am of the opinion that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.