WAHLE-PHILLIPS COMPANY, Appellant, *v.* MARY A.
FITZGERALD, Respondent, Impleaded with Others.

**Mechanics' liens — fixtures — Lien Law — when electric
lighting fixtures furnished and used in the equipment of an
office building are included in the "permanent improvement
of real property" within meaning of the Lien Law.**

1. The General Construction Law (§ 95) requires the courts to
construe the Lien Law as a continuation of the prior law and not
as a new enactment, and the Lien Law itself provides (§ 23) that it is
to be construed liberally to secure its beneficial interests and purposes.

2. Electric lighting fixtures furnished and used for the purpose of
equipping an office building and the labor performed in installing them
are included in the term "permanent improvement of real property"
as used in sections 2 and 3 of the Lien Law (Cons. Laws, ch. 33; L.
1909, ch. 38) as it read in the year 1910.

*Wahle-Phillips Co.* v. *Fitzgerald,* 173 App. Div. 129, reversed.

(Argued November 22, 1918; decided January 7, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered June 22, 1916, affirming a judgment of Special
Term which denied part of plaintiff's claim to a mechanic's
lien for electric light fixtures and directed foreclosure of
other liens.

The facts, so far as material, are stated in the opinion.

*John A. Dutton* for appellant. All lighting fixtures of
every description were included in the term, "improve-
ment of real property," contained in the Lien Law in
force at the time the lien herein was filed, because that
law was, in effect, a re-enactment of the earlier Lien Law,
and was intended to be as broad as, and to include
all articles covered by, the earlier law, and such earlier
law expressly included lighting fixtures of all kinds and
in all buildings as the subject of a mechanic's lien.
(*People* v. *Butler,* 125 App. Div. 384; *Gimmer* v. *Tenement
House Dept.,* 134 App. Div. 902; *Lewkowicz* v. *Queen*

*Aeroplane Co.*, 154 App. Div. 150; *Tenement House Dept.* v. *Moeschen*, 179 N. Y. 325; *Riggs* v. *Palmer*, 115 N. Y. 506; *Schaghticoke Powder Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306.) The lighting fixtures in the case at bar became a part of the realty and were, by reason thereof, necessarily an improvement of the real property and within the provisions of the statute. (*Berliner* v. *Piqua Club Assn.*, 32 Misc. Rep. 470; *Potter* v. *Cromwell*, 40 N. Y. 287; *Snedeker* v. *Warring*, 12 N. Y. 170; *Gross* v. *Jackson*, 6 Daly, 463; Bronson on Fixtures, 35, 45, 46, 69–71, 103, 133, 134; *McCrea* v. *Bank of Troy*, 66 N. Y. 489; *N. Y. Security Co.* v. *Saratoga Gas Co.*, 88 Hun, 591; *Central Union Gas Co.* v. *Browning*, 146 App. Div. 783.) Whether or not the lighting fixtures became part of the realty, their manufacture and installation in the building constituted the performance of labor and the furnishing of materials for the improvement of real property within the meaning and intent of the statute in question. (*Schaghticoke Powder Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306; *Jackson* v. *Paterno*, 128 App. Div. 474; *Berlinger* v. *Macdonald*, 149 App. Div. 5.)

*Thomas D. Thacher, Leland B. Duer* and *Winthrop E. Dwight* for respondent. The installation of the office fixtures was not a permanent improvement of real property within the meaning of sections 2 and 3 of the Lien Law. (*Caldwell* v. *Glazier*, 138 App. Div. 826; *Wahle-Phillips Co.* v. *Fifty-ninth St. Madison Ave. Co.*, 153 App. Div. 17; 214 N. Y. 684; *McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 38; *N. Y. Life Ins. Co.* v. *Allison*, 107 Fed. Rep. 179; *Manning* v. *Ogden*, 70 Hun, 399; *Smusch* v. *Kohn*, 22 Misc. Rep. 344; *Cosgrove* v. *Troescher*, 62 App. Div. 123; *Condit* v. *Goodwin*, 44 Misc. Rep. 312; 107 App. Div. 616; *Shaw* v. *Lenke*, 1 Daly, 487; *Lawrence* v. *Kemp*, 1 Duer, 363.) The fact that lighting fixtures are customarily furnished to tenants in New

York city, and that such fixtures are essential in the use of an office building, does not make such fixtures a " permanent improvement of real property."    (*Central Union Gas Co.* v. *Browning*, 210 N. Y. 10; 146 App. Div. 790.)

POUND, J.    This is an action to foreclose a mechanic's lien.  The only question presented on this appeal is whether electric lighting fixtures furnished and used for the purpose of equipping an office building and the labor performed in installing them are included in the term " permanent improvement of real property " as used in sections 2 and 3 of the Lien Law (Cons. Laws, ch. 33; L. 1909, ch. 38) as it read in the year 1910.   Gas and electric fixtures, as ordinarily attached to a house or other building for use, are, in actions between grantor and grantee, landlord and tenant and mortgagor and mortgagee, held to be personal property.   (*McKeage* v. *Hanover Fire Insurance Co.*, 81 N. Y. 38.)   It has been said that they no more constitute part of the realty than would pictures supported by fastenings driven into the wall.   Technically, then, they are not permanent improvements to real property. We may, however, take judicial notice of the fact that such fixtures often pass with real property bought or leased, and are unlike articles of furniture, pictures, carpets and hangings which are easily and customarily moved. They resemble rather furnaces and ranges which are built in and left as a part of the property itself, passing with it from vendor to vendee and from landlord to tenant.   The legislature by chapter 316, Laws of 1888, and chapter 673, Laws of 1895, which amended the Mechanics' Lien Law (L. 1885, ch. 342) specifically enumerated such fixtures as proper subjects of a lien upon the real property to which they were attached.   Thus the law remained until the enactment of the Lien Law as reported by the commissioners of statutory revision (Ch. 49 of the General Laws, being L. 1897, ch. 418), which was, as stated in

the report of the commissioners, " a revision of all the existing statutes relating to mechanics' liens on real property." They further set forth, in explanation of their purpose, that " the underlying principle of all legislation of this character is that a person who, at the request, or with the consent, of the owner of real property, enhances its value by furnishing materials or performing labor for the improvement thereof, should be deemed to have acquired an interest in such property to the extent of the value of such materials or labor. This principle should be applied generally to improvements of real property. It is not necessary, therefore, to detail the particular kinds of improvements for which the lien will exist, as has been done in the act of 1885. By defining the terms ' improvement,' ' owner,' ' real property,' etc., in a broad and comprehensive manner, it will be possible, by the use of such terms to omit superfluous words and expressions formerly used to apply generally the principle above enunciated. We have not attempted in the revision to radically change the existing law, as contained in the general act of 1885." (Report Commissioners of Statutory Revision.) This Lien Law was re-enacted in the present Lien Law (Consolidated Laws, ch. 33; L. 1909, ch. 38). It makes no provision in terms in favor of those who furnish lighting fixtures used in improving or equipping a building, and the Appellate Division holds that the amendment of the act of 1885 for their protection was cut out in order to deny a lien where one had previously been given. (*Caldwell* v. *Glazier*, 138 App. Div. 826.) It is difficult to reach that conclusion. The General Construction Law (§ 95) requires us to construe the Lien Law as a continuation of the prior law and not as a new enactment. The Lien Law itself provides (§ 23) that " this article is to be construed liberally to secure the beneficial interests and purposes thereof," and the courts have generously applied this

rule of construction. (*Schaghticoke Powder Co.* v. *Greenwich & J. Ry. Co.,* 183 N. Y. 306, 311.) We must give the words "improvement of real property" a broad and comprehensive meaning.

Manifestly it was not the intention of the revisers to curtail the old law or to withdraw from its protection any class of labor, services or materials which had previously been included therein. "Such a construction ought to be put upon a statute as will best answer the intention the makers had in view." (*Riggs* v. *Palmer,* 115 N. Y. 506, 510.) As between materialman and contractor and owner, lighting fixtures may, with propriety, be deemed to constitute an improvement of real property in a sense that does not exist with fixtures more temporary in their character, not commonly leased with the realty but commonly furnished and removed by the tenant as he furnishes and removes his rugs, pictures, desks and chairs. When, and only when, the building is thus equipped does it become. complete for the use for which it was designed.

The legislature by Laws of 1914, chapter 506, has amended section 2 of the Lien Law by again including specifically in the definition of the term "improvement" apt words to protect those who furnish and install lighting fixtures. By denying the plaintiff the relief it seeks we would be disregarding the weightier purposes of the law, its history and the beneficent intention of the revisers to avoid the draftsman's sin of prolixity to give the defendants the benefit of an obvious oversight.

The judgment of the Appellate Division and that portion of the judgment of the trial court appealed from should be reversed and judgment ordered in favor of the plaintiff establishing its lien, with costs to the appellant in all courts.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, CRANE and ANDREWS, JJ., concur; COLLIN, J., not voting.

Judgment accordingly.