■ In the Matter of NICHOLAS MEO et al., Appellants, v. SKELLYWAY CONSTRUCTION COMPANY, INC., Respondent. — AULISI, J. Appeal from an order of the Supreme Court at Special Term entered January 13, 1967 in Greene County which denied petitioners' application for an order summarily discharging a notice of mechanic's lien. The disputed notice of lien recites: " 3. By a certain contract dated the 25th day of February, 1966, between said Joseph Mattera, as aforesaid, and Skellyway Construction Company Inc., the lienor agreed to renovate and remodel a portion of the premises hereinafter described for use as a beauty salon for the total sum of Five Thousand and Eight Hundred Fifty * * * Dollars. In addition, by agreement with the said Joseph Mattera, the said lienor performed extra work, labor and services in the sum of Four Hundred * * * Dollars. The said renovation and remodeling were done with the knowledge and consent of Nicholas Meo and Lena Meo, his wife, the owners of the said real property. 4. The amount unpaid to the lienor on account of the contract is the sum of Five Thousand Eight Hundred Fifty * * * Dollars and the unpaid amount on account of the extras is the sum of Four Hundred * * * Dollars for the total due of Six Thousand Two Hundred Fifty * * * Dollars." This is challenged on the ground that it fails to comply with subdivisions 4 and 5 of section 9 of the Lien Law, which requires that a notice of lien state: " 4. The labor performed or materials furnished and the agreed price or value thereof, or materials actually manufactured for but not delivered to the real property and the agreed price or value thereof. 5. The amount unpaid to the lienor for such labor or materials." Section 23 of said law also provides that the article is to be construed liberally and that a substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. It is our opinion that upon the record before us, the notice as filed substantially complies with the requirements of the aforesaid subdivisions of the Lien Law and contains sufficient information to appraise interested parties of the services rendered and materials furnished (see *Clarke* v. *Heylman*, 80 App. Div. 572; *Martin* v. *Gavigan Co.*, 107 App. Div. 279; *Meulenbergh* v. *Coe*, 160 N. Y. S. 581; *Gilmour* v. *Colcord*, 183 N. Y. 342; *Goldberger-Raabin, Inc.*, v. *74 Second Ave. Corp.*, 252 N. Y. 336). *Toop* v. *Smith* (181 N. Y. 283), relied upon by petitioners, is distinguishable as there the notice of lien merely made reference to a contract without further describing, even in general terms, either the work performed or the materials furnished. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.