OPINION OF THE COURT
Herbert A. Posner, J.
This petition to discharge a mechanic’s lien raises an interesting question of law: Must the lien be discharged because sloppy, ambiguous language is used in the notice of lien to describe the work performed?
*355 Under section 3 of the Lien Law, a lien attaches for labor "for the improvement of real property” and this is defined in section 2 (4), as including, "the demolition, erection, alteration or repair of any structure”. The notice of lien in this case recited that: "The labor performed was the management and supervision of obtaining new building permits for recommencement of construction.” The owner petitioner argues that such labor does not fall within the definition of labor for which a lien may attach and therefore the lien must be discharged pursuant to Lien Law § 19 (6). This subdivision provides: "Where it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed * * * the owner * * * may apply * * * for an order summarily discharging of record the alleged lien.”
It has long been recognized that supervision is "work which may form the basis of a lien.” (Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 85 Misc 2d 304, 309; accord, Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336, 341-342; Stryker v Cassidy, 76 NY 50.) Such supervision, of course, must be of construction work, and not merely the procurement of bids and negotiation of contracts or, in this case, the procurement of building permits. The lienor, in opposing this application, states that the labor referred to in the notice of lien "consisted of supervising the actual construction, i.e., demolition, erection, alteration and repair at the construction site”, which was necessary in order to obtain new building permits for recommencement of construction. The owner does not dispute that a lien may attach for such labor, but maintains that the lienor is bound by the language employed in the notice of lien to describe the character of the labor, and that the notice does not refer to work at the construction site.
The argument advanced by the owner finds support in Pascual v Greenleaf Park Land Co. (245 NY 294, 298), a leading case which held that: "A notice of lien must be sufficient in essentials in and of itself.” However, that case involved a notice of lien which failed to state the value of the work performed or the amount due for such work, exclusive of work which was to be performed in the future. The court held that "extrinsic evidence may not be received to cure the defect.” (Supra, at 298.) Without such extrinsic evidence, the amount of the lien could not be determined, and, therefore, the notice of lien was clearly deficient. A different situation exists in this case with respect to the alleged deficiency in the *356 description of the work performed by the lienor. It is not claimed that the lienor has failed to provide a description, but rather, that the description does not suffice.
The test of whether a notice of lien suffices is whether it contains sufficient information to apprise interested parties of the services rendered or materials furnished and the value thereof. (See, Jensen, Mechanics’ Liens § 188, at 202 [4th ed 1963]; Meo v Skellyway Constr. Co., 30 AD2d 606.) In making this determination, effect must be given section 23 of the Lien Law which provides that: "This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.” The Court of Appeals in the Pascual case (supra) summarized the test of the sufficiency of a lien notice as follows: "The actual interest of the claimant must be spelled out therefrom and will be whenever possible, but those who have a legal interest in the subject of the character and extent of the demand upon which the lien is based are entitled to be advised thereof by the notice of lien.” (Supra, at 298; emphasis supplied.) Thus, both the statute and case law require that a notice of lien be construed liberally and given effect, providing it suffices to give notice of the claim to the interested parties.
In this case, it would have been unreasonable for the petitioner to conclude that the notice of lien filed by the respondent referred to the management and supervision of the ministerial procurement of building permits for the recommencement of construction. The petitioner was well aware of the services performed. In attempting to discharge this lien he is merely taking advantage of the poorly worded language in the notice of lien. The Legislature never intended the discharge provision in the Lien Law to be a sword to strike a valid lien. It was intended to be a shield against improper liens. Therefore, the court finds that the notice of lien filed by the respondent in this case was sufficient to apprise the owner that the management and supervision was of work at the construction site, which was necessary in order to obtain the new building permits and for which a lien may attach.
Accordingly, the motion to summarily discharge the mechanic’s lien filed by the respondent is denied.