OPINION OF THE COURT
Donald N. Silverman, J.
Motion by plaintiff pursuant to CPLR 3212 for partial summary judgment. Defendants Chance Hills Joint Venture and Silvermine Holding Corp. cross-move pursuant to CPLR 3212 for summary judgment dismissing the complaint, or in the alternative, holding plaintiff’s motion in abeyance and allowing discovery to go forward. A separate special proceeding involving the same issues albeit commenced by defendant Chance Hills was dismissed without prejudice.
These motions are determined as follows:
The crux of this matter is whether work performed by plaintiff for defendants Chance Hills and Silvermine constitute an improvement as that term is used in Lien Law §§ 2 and 3. There is no written contract between the parties.
The term "improvement” as defined in Lien Law § 2 (4) and pertinent to this action states in part, "any work done upon such property or materials furnished for its permanent improvement, and shall also include * * * the drawing[s] by any architect or engineer or surveyor, of any plans or specifications or survey, which are prepared for or used in connection with such improvement”.
Defendants allege that many of the services billed for, such as preparation of a traffic report and meetings with the local Planning Board, do not come within the meaning of improvement or the intended scope of the Lien Law. More significantly, defendants also point out that none of the planned work has been done and therefore posit the central issue as: whether professional engineering and professional surveying services rendered in connection with obtaining municipal approvals for the development of an equestrian facility can *816 give rise to a mechanic’s lien under Lien Law §§ 2 and 3 where no actual physical permanent improvement has taken place.
This issue must be answered in the affirmative. The primary purpose of the Lien Law is to afford protection for workmen who at the request or with the consent of the owner of real property enhance its value by performing labor for the improvement thereof (see, Wahle-Phillips Co. v Fitzgerald, 225 NY 137, 140 [1919]; see also, Matter of Niagara Venture v Sicoli & Massaro, 77 NY2d 175, 181 [1990]). If a landowner fails to take a project through to completion, for whatever reason, the claims for work done to improve the property are no less entitled to the benefits of this statute. By analogy, materials manufactured with the intent of being used to improve a property, but never actually delivered, may provide the basis for a mechanic’s lien (see, Lien Law § 2 [4]).
The significance of the words "permanent improvement” is that they differentiate labor and materials consumed by the improvement as opposed to those which become a part of the plant and equipment of the contractor (see, Gates & Co. v Stevens Constr. Co., 220 NY 38, 49 [1917]; see also, New York Artcrafts v Marvin, 29 Misc 2d 774 [Dist Ct, Nassau County 1961]). Here, plaintiff provided surveying and engineering work to enable the property to receive municipal approvals as an equestrian facility. This constitutes the permanent improvement intended under Lien Law §§ 2 and 3.
Defendants have also asserted that some of the work performed was not strictly speaking either engineering or surveying but rather in the nature of applying for permits and approvals. Such work would indeed not be treated as the basis for a lien (see, Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336, 341 [1929]; Matter of Henry & John Assocs. v Demilo Constr. Corp., 137 Misc 2d 354, 355 [Sup Ct, Queens County 1987]). Defendants maintain that discovery is necessary to determine how much "application” work was done and that this poses a question of fact.
In seeking a stay of a motion for summary judgment to permit discovery of essential facts unknown to the opposing party, the opposing party must provide affidavits (CPLR 3212 [f]). No affidavits by defendants are provided. Moreover, defendants do not show why such information is not available to them. Land use applications to municipalities are matters of public record. Defendants offer nothing more than their coun *817 sel’s conjecture about such nonlienable activities. Defendants must show that their ignorance is unavoidable despite reasonable efforts to discover the truth (see, Overseas Reliance Tours & Travel Serv. v Same Co., 17 AD2d 578, 580 [1st Dept 1963]; Citibank v Furlong, 81 AD2d 803, 804 [1st Dept 1981]). This has not been done.
Accordingly, the plaintiff’s motion for partial summary judgment on its first cause of action alone is granted.