TROY PUBLIC WORKS CO. v. CITY OF YONKERS et al.

(Supreme Court, Appellate Division, Second Department.   June 2, 1911.)

1. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—CONTRACTS—
   LIEN OF MATERIALMAN.
   One claiming a lien, under Lien Law (Consol. Laws 1909, c. 33) § 5, for labor or material furnished a municipal contractor, must bring himself fairly within the statute.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

2. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—CONTRACTS—
   LIEN OF MATERIALMAN—"MATERIALS."
   Lien Law (Consol. Laws 1909, c. 33) § 5, giving a lien for labor or "materials" furnished a municipal contractor, does not give a lien for the charge for a steam shovel rented to a contractor.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*
   For other definitions, see Words and Phrases, vol. 5, pp. 4409–4413.]

3. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—CONTRACTS—
   "MATERIALS."
   "Materials," within Lien Law (Consol. Laws 1909, c. 33) § 5, giving a lien for materials furnished to a municipal contractor, means matter intended to be used in the creation of a mechanical structure; the substance of which anything is made (citing Words and Phrases Judicially Defined).
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

Appeal from Special Term, Westchester County.

Action by the Troy Public Works Company against the City of Yonkers and others.   From the judgment (68 Misc. Rep. 372, 124 N. Y. Supp. 307), plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Richard R. Martin, for appellant.

Adrian T. Kiernan and Rufus W. Sprague, Jr., for respondents.

JENKS, P. J.   In this action to foreclose a mechanic's lien, the sole question that requires discussion is whether the plaintiff can assert a lien, pursuant to section 5 of the lien law (Consol. Laws 1909, c. 33), as—

"a person performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction of a public improvement pursuant to a contract by such contractor with the state or a municipal corporation."

On April 20, 1907, Bailey contracted with the board of water commissioners of the defendant municipal corporation to construct two sand filter beds and appurtenances for the improvement of its waterworks.   Thereafter the plaintiff contracted with Bailey to furnish to him a certain steam shovel with the usual appurtenances, but without labor or maintenance, for use in Bailey's work, at a monthly rental of $300 and the freight charges each way.   The shovel and appur-

tenances were to be returned to the plaintiff when no longer required, not later than six months after the arrival thereof. The shovel and appurtenances were received by Bailey in October, 1907, were used by him in the said construction, and were returned to the plaintiff in March, 1908. Bailey paid but part of the rental, and only the freight charges on delivery. On August 8, 1908, the plaintiff filed notice of claim of lien upon the moneys due and to grow due from the said city of Yonkers to Bailey for the balance of rental of the shovel and for the unpaid freight charge. On August 14, 1908, the plaintiff began this action. The Special Term denied the right of lien.

[1] As this remedy is purely statutory, and is innovation upon the common law, the plaintiff must bring itself within the statutory terms, which terms cannot be extended to cases not fairly within the general scope and purpose. Tubridy v. Wright, 144 N. Y. 519, 39 N. E. 640, 43 Am. St. Rep. 776, and cases cited; Mushlitt v. Silverman, 50 N. Y. 360. That purpose is to secure a priority or a preference to those who add value to the specific property by their labor or their skill or by material. See Schaghticoke Powder Co. v. G. & J. Ry. Co., 183 N. Y. 310, 76 N. E. 153, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751; Davis v. Alvord, 94 U. S. 547, 24 L. Ed. 283; Phillips on Mechanics' Liens, § 9.

[2] I think that the plaintiff's claim is not within the purview of the statute. The plaintiff did not perform labor for the contractor, but furnished an instrument to him for use in his labor. It matters not whether the contractor bought the shovel or simply hired it. It was in either case a part of the plant of the contractor, and the lien is asserted for the cost thereof to him, whether it be price or rental. The shovel was not material furnished to the contractor.

[3] "Materials" means "matter which is intended to be used in the creation of a mechanical structure." Bouvier's Law Dictionary. It imports "the substance matter of which anything is made." Webster's Dictionary, quoted in Words and Phrases Judicially Defined. To furnish material in such a case is to supply towards the making of the structure substance matter which may become a part thereof, or may be assembled in it, or may be assimilated with it, or which is expended in the labor incident to such structure. But this shovel was a tool which, although used in the work, survived and remained the property of its owner, capable of use in other work. I think, then, that the learned Special Term was right in its decision. See Beals v. Fidelity and Deposit Co., 76 App. Div. 526, 78 N. Y. Supp. 584, affirmed 178 N. Y. 581, 70 N. E. 1095. Cases in other states under statutes substantially similar make for this conclusion. Luttrell & Co. v. Knoxville, L. & J. R. Co., 119 Tenn. 492, 105 S. W. 565, 123 Am. St. Rep. 737; McAuliffe v. Jorgenson, 107 Wis. 132, 82 N. W. 706; Basshor & Co. v. B. & O. R. R., 65 Md. 99, 3 Atl. 285; Allen v. Elwert, 29 Or. 428, 44 Pac. 823, 48 Pac. 54; Potter Mfg. Co. v. Meyer & Co., 85 N. E. (Ind. App ) 725; Evans v. Lower, 67 N. J. Eq. 232, 58 Atl. 294; Gordon Hardware Co. v. San Francisco & S. R. R. Co. (Cal.) 22 Pac. 406–407; Id. (Cal.) 23 Pac. 1025.

In the course of his opinion in Schaghticoke Powder Co.'s Case, supra, Werner, J., says:

"The argument that dynamite is not a material, but a part of the contractor's plant, which, like picks and shovels or mechanical appliances, are used in the performance of work, but are not considered materials furnished within the purview of the statute, seems to us inherently unsound. A steam shovel, an engine and boiler, picks, shovels, crowbars, and the like, are tools and appliances which, while used in the doing of the work, survive its performance and remain the property of their owner. Not so, however, with materials that are used up in the performance of the work, and are thereafter invisible, except as they survive in tangible results."

No judgment is cited in this state, save that in Dixon v. La Farge, 1 E. D. Smith, 722. The question now discussed did not arise directly in that case, and was not discussed, or even noticed, either obiter or arguendo. And the decision did not necessarily determine it. The bill of particulars therein read:

"To rigging falls and blocks, strapping barrels, splicing falls, and furnishing same."

And it is true that the learned court did not expressly declare that the apparatus could not be the subject of the lien. But there was the element of labor in the case, and a reading of the opinion shows that the decision rests upon grounds entirely foreign to the question now before us.

I advise that the judgment be affirmed, with costs. All concur.