Moses M. Weinstein, J.
In this action for the foreclosure of certain mechanic’s liens and other relief, the defendant owners of the real property move for partial summary judgment dismissing the first cause of action on the grounds: (1) that plaintiff was acting as agent for defendants when it performed work on the realty and therefore is not a valid lienor; and (2) that the filing of a lien is an unconstitutional taking of property without due process of law.
The court will deal first with the constitutional challenge. Generally, legislative enactments are accorded a strong presumption of constitutionality. (See Wasmuth v Allen, 14 NY2d *306 391, 397; Farrington v Pinckney, 1 NY2d 74, 78.) Thus, a very-heavy burden of proof rests with the party seeking to vitiate a statute. (See Fenster v Leary, 20 NY2d 309, 314; Matter of Van Berkel v Power, 16 NY2d 37, 40; Matter of Cullum v O'Mara, 43 AD2d 140, 145-146, affd 33 NY2d 357.) Such is particularly true in a court of original jurisdiction which should make such finding only where the conclusion of unconstitutionality is inescapable. (See National Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, 725-726, affd 10 AD2d 688, affd 8 NY2d 197.)
Movants contend that the creation of an interest in real property by the filing of a mechanic’s lien without any prior judicial determination is an unconstitutional deprivation of due process. The United States Supreme Court has held in Sniadach v Family Finance Corp. (395 US 337) and Fuentes v Shevin (407 US 67) that the use of State power to seize property in a private dispute without any kind of prior governmental determination as to the relative rights of the parties fails to conform to the due process requirements of the Fourteenth Amendment to the United States Constitution. While such seizures may be proper in some limited instances (see Fuentes v Shevin, supra, pp 90-92), such facts are not present here.
For a prejudgment seizure to be valid there must be a factual demonstration by the party seeking the seizure of the nature, extent and validity of his claim to a judicial authority empowered to grant or deny the seizure and an opportunity for an expeditious adversary adjudication of the claim either prior to or shortly after the seizure. (Mitchell v W. T. Grant Co., 416 US 600, 611-617; see North Georgia Finishing v Di-Chem, 419 US 601.) Procedurally, the Lien Law does not meet this standard. A mechanic’s lien may be acquired by the parties filing notice thereof without any prior approval. (Lien Law, §§ 3, 10.) The failure to notify the owner does not in itself invalidate the lien. (Lien Law, § 11.) The fact that the lien may be vacated for defects upon its face (Lien Law, § 19), upon the posting of a bond or undertaking (Lien Law, §§ 19, 20), or upon general grounds of invalidity in an action to enforce it, does not satisfy the previously stated procedural requirements. (Fuentes v Shevin, supra, pp 80-82, 84-85.)
The central question then is whether the creation of a mechanic’s lien constitutes such a seizure of property as to require the compliance with the standards of due process set *307 forth in the Fourteenth Amendment. The right to such protection extends to significant property interests. (Fuentes v Shevin, supra, pp 84, 86.) The question does not concern the character of the property seized but rather the nature of the seizure and the extent of the rights affected. (See Fuentes v Shevin, supra, pp 86-87.) In each of the cases considered by the United States Supreme Court (Sniadach v Family Finance Corp., supra; Fuentes v Shevin, supra; Mitchell v W. T. Grant Co., supra; North Georgia Finishing v Di-Chem, supra) the rights affected were the use and possession of the property and the nature of the seizure was the total deprivation of those rights. Such is not present here. While a mechanic’s lien creates an interest in the realty, it is not an estate therein (see Jensen, Mechanics’ Liens [4th ed], § 36) and the title, use and possession, including the right to alienate, remains with the owner. In fact, the Legislature made specific provision to protect a lienor from the owner’s fraudulent use of those rights to defeat the lien. (Lien Law, §§ 7, 13, subd [5].) The owner’s use and possession can in no way be materially affected without court approval. The realty cannot be applied to satisfy the lien until a judgment in an action to enforce it has been obtained. (Lien Law, §§ 24, 41.) Thus, the "interest” acquired by a mechanic’s lien is not such as requires court sanction prior to its filing. (See Spielman-Fond v Hanson’s, 379 F Supp 997, affd without opn 417 US 901.) The fact that the owner’s right to sell or mortgage the realty may be made more difficult does not change the result. (See Spielman-Fond v Hanson’s, supra, p 999; Brook Hollow Assoc. v Greene, Inc., 389 F Supp 1322, 1326-1327.) The owner may clear that difficulty by posting a bond. (Lien Law, § 19.) Further, such economic constriction will not last beyond one year (Lien Law, § 17) and the owner may compel the lienor to expeditiously prove his claim in court. (Lien Law, § 59.)
It is also noted that the court, in both Fuentes and Mitchell, considered instances of parties with existing security interests in the property. The constitutional issues did not involve the creation of those interests but the prejudgment seizure of the property in enforcement thereof. Here, movants seek to apply those procedural requirements to the creation of the interest. The enforcement of that interest can only be had after a full plenary trial which far exceeds the requirements set forth in Fuentes and Mitchell.
Thus, it clearly appears that movants have failed to meet *308 their burden of establishing that the mechanic’s lien statute as here applied is unconstitutional.
The court must now consider movants’ contention that plaintiff was their agent and not a "contractor” and accordingly not a party entitled to file a lien. This contention is based on terms of the contract pursuant to which plaintiff did not have independent control of the construction. In particular, movants refer to the fact that plaintiff’s responsibility relative to subcontractors and materialmen was to procure bids but the contracts were entered into by the owner. Movants also refer to the provision which deprived the plaintiff of authority to undertake any expense over $2,500 without the owner’s approval.
The Lien Law provides that a "contractor” is "a person who enters into a contract with the owner of real property for the improvement thereof’ (Lien Law, § 2, subd 9). While read broadly, that definition would include anyone who makes a contract with the owner, the term for purposes of the Lien Law must be restricted to "one who would be so characterized in the common speech of man” (McNulty Bros. v Offerman, 221 NY 98, 104). As such, he is one who has undertaken to improve the property of another. (Grassi & Bro. v Lovisa & Pistoresi, 259 NY 417, 421; McNulty Bros. v Offerman, supra.) The determination is then not based on the terms by which parties refer to themselves but rather on all of the facts constituting the relationship. (See McNulty Bros. v Offerman, supra, pp 106-107.) From a review of all the evidence here present, it cannot be said as a matter of law whether plaintiff is a "contractor”. Further, it should be noted that movants in their supporting affidavit refer to the concern and control exercised by their lending institutions as to the cost of the project. Thus, the contract provisions referred to by movants could, in part, be a factor in controlling those costs.
Even if movants’ contention that plaintiff is not a "contractor” be true, it does not follow that the liens are invalid. In addition to "contractors”, anyone who provides services in the improvement of real property at the behest of the owner may be entitled to a lien. (Lien Law, § 2, subd 11; § 3.) The question then is whether the work done by plaintiff is a service in improvement of the real property within the meaning of the Lien Law. The basis of the claimed liens is the general supervision of the project. Such was clearly one of plaintiff’s duties as called for in the contract with movants. Supervision *309 has long been held to be work which may form the basis of a lien. (Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336, 341-342; Stryker v Cassidy, 76 NY 50.)
However, procurement of bids and negotiation of contracts for the services of subcontractors, also called for in the contract, cannot provide the basis of a lien separate from the work of a "contractor” or architect. (Goldberger-Raabin, Inc. v 74 Second Ave. Corp., supra.) Since the sole basis of plaintiff’s liens is supervision, there are issues of fact present as to whether the entire sum claimed due is for that work only or, in part, for other nonlienable work.
Movants’ reliance on McNulty Bros. v Offerman (supra) and Dorn v Johnson Corp. (16 AD2d 1009) to establish that plaintiff is an agent and not entitled to a lien is misplaced. In McNulty the court considered whether a tenant’s agreement to make improvements called for in a lease constituted him a "contractor”. At issue was the lien of a materialman who would be barred under section 4 of the Lien Law since no moneys were due the tenant. The court found that one with a substantial interest in realty, including a tenant, is not a "contractor” for improvements made to that interest. The finding that the tenant was in essence the agent of the owner related to the question of the owner’s consent to the improvement, a prerequisite to a lien. (Lien Law, § 3.) Such finding can in no way be seen as barring the liens of all persons, other than "contractors”, hired by an owner. In Dorn v Johnson Corp. (supra) the issue was not one of agency but whether the claimant sold goods to a "subcontractor” or "materialman” as defined in the Lien Law (Lien Law, § 2, subds [10], [12]) since the statutorily presumed authority to bind the owner’s land does not extend to materialmen. (Lien Law, § 3; Dorn v Johnson Corp., supra, p 1010.)
The final point at issue is whether plaintiff participated as a joint venturer with movants in the supervision of certain work done for movants’ tenants. In some of the notices of lien claim is made for such work. Essential to the creation of a joint venture is the agreement not only to share profits but also bear the burden of making good any losses.. (Matter of Steinbeck v Gerosa, 4 NY2d 302, 317; Matter of Bennett v Pierce Ind., 28 AD2d 944, 945.) While the contract calls for a division of fees for the supervision of tenant-ordered improvements, it does not include any obligation on plaintiff’s part *310 relative to the expenses thereof. At best, an issue of fact exists in this regard.
Accordingly, the motion for partial summary judgment is denied.