BURNS ELECTRIC CO., INC., Respondent, v WALTON STREET ASSOCIATES, Appellant.

Fourth Department, April 8, 1988

### APPEARANCES OF COUNSEL

*Hancock & Estabrook (Donald Kemple* of counsel), for appellant.

*Bryant, O'Dell & Brasso (Brian Cole* of counsel), for respondent.

### OPINION OF THE COURT

LAWTON, J.

■ This appeal presents the novel issue of whether a contractor engaged by a developer may bring a proceeding against the developer, who is a vendee in possession of property owned by a public agency, to inspect the books and records of the developer in accordance with Lien Law § 76. We hold that it can.

The facts are not contested and may be simply stated. Respondent, Walton Street Associates (Walton), entered into a contract to improve properties owned by the Syracuse Industrial Development Agency (SIDA). SIDA issued industrial revenue bonds in the amount of $2,400,000 to finance this project. SIDA then entered into an installment sales agreement with Walton whereby Walton, as vendee in possession, was obligated to make periodic payments to SIDA equal to the principal and interest due on the bonds. Upon final payment, title to the project was to be deeded to Walton. Thereafter, Walton entered into a contract with petitioner Burns Electric Co., Inc. (Burns) for it to provide work, labor, services and materials for the renovation of those properties. Burns submitted an application for payment for work done on the properties in the amount of $421,230.08, which Walton refused to pay. Burns then served a demand pursuant to Lien Law § 76 to obtain a verified statement setting forth the entries with respect to the trust moneys received by Walton from SIDA. Walton refused to comply with the demand and Burns brought this proceeding to compel compliance.

Walton, in opposition to Burns' petition, argues that the trust provisions contained in article 3-A of the Lien Law do

not apply in the present case. First, it argues that as a vendee in possession it must be considered an owner as defined in Lien Law § 2 (3). Secondly, it argues that because SIDA holds title to the property, this is a public improvement under Lien Law § 2 (7). Walton concludes, therefore, that no lien or demand pursuant to Lien Law ´§ 76 may be filed against it as an owner since Lien Law § 70 (1) precludes such relief against an owner who receives funds in connection with a public improvement.

Special Term held that although Walton, as a contract vendee in possession, is an "owner" under the Lien Law, because it is neither a State nor a public corporation, a trust could be imposed on its assets. It stated that such interpretation effectuated the intent of the statute to insure that funds received for improvement contracts are used to pay the costs of improvement. That analysis is faulty. The courts have steadfastly refused to encroach upon the protection given to public corporations under Lien Law § 70 (1). In *Matter of Paerdegat Boat & Racquet Club v Zarrelli* (83 AD2d 444) Justice Hopkins, in a concurring in part and dissenting in part opinion later adopted by the Court of Appeals (57 NY2d 966), stated at pages 449-450:

"True it is that the statute commands a liberal construction of its provisions (Lien Law, § 23); nevertheless, it cannot be stretched to include cases not clearly within its general scope and purpose *(Raymond Concrete Pile Co. v Federation Bank & Trust Co.,* 288 NY 452, 463; *Troy Public Works Co. v City of Yonkers,* 145 App Div 527, 528, affd 207 NY 81) * * *

"[T]he statutory definitions plainly separate public and private improvements. Thus, a public improvement 'means an improvement of any real property belonging to the state or a public corporation' (Lien Law, § 2, subd 7) while a private improvement is called '[i]mprovement of real property' and 'means any improvement of real property not belonging to the state or a public corporation' (Lien Law, § 2, subd 8). These definitional compartments describe distinct concepts and follow the underlying scheme of the statute which directs that a private lien shall attach to real property privately owned, whereas a public lien shall attach only to the funds of the municipal corporation due or to become due under the contract for the improvement *(Kennedy & Co. v New York World's Fair 1939,* 260 App Div 386, 388, affd 288 NY 494)."

Further, in *Lincoln First Bank v Spaulding Bakeries* (117

Misc 2d 892, 896-898), the court dismissed the contractor's lien brought under article 2 of the Lien Law in a proceeding very similar to this case involving property owned by the Broome County Industrial Development Agency. The court stated (at 896-898):

"Traditionally public property, whether it be owned by the State of New York, a municipality or a public benefit corporation, has been immune from execution and seizure to avoid an intolerable burden upon public comfort and safety *(Leonard v City of Brooklyn,* 71 NY 498). The virtue of such a policy is well recognized and is ensconced throughout the Lien Law by the different treatment of 'public improvements' and improvements of realty owned by private parties. The underlying intention of the Lien Law directs that a private lien shall attach to real property privately owned, whereas a public lien attaches solely to the funds of the public corporation due under the contract for the improvement *(Kennedy & Co. v New York World's Fair 1939,* 260 App Div 386, 388, affd 288 NY 494) * * *

"We are not convinced that the immunity of public lands from foreclosure of mechanics' liens should be now encroached to the detriment of the private user of those lands under the Industrial Development Agency Act. Immunity of public lands from such foreclosure has a long history and should not now be changed without direction from the Legislature."

A project cannot be both a public improvement and a private improvement. Once it is determined that the property is owned by a public agency, regardless of its use, a lien cannot be filed against the property and a proceeding cannot be brought against the owner pursuant to the trust provisions of the Lien Law.

That is not to say, however, that petitioner is without a remedy. Lien Law § 70 (1) does not preclude a proceeding against a contractor who receives funds in connection with a contract for a public improvement. The question presented then is whether Walton is a contractor within the meaning of the Lien Law.

The term "contractor" is defined under section 2 (9) of the Lien Law as follows: "The term 'contractor', when used in this chapter, means a person who enters into a contract with the owner of real property for the improvement thereof, or with the state or a public corporation for a public improvement." Petitioner alleges in paragraph 3 of its petition: "3. At all

times material herein, Walton Street Associates, Inc. has been contractually obligated to improve certain real property in the City of Syracuse owned by the City of Syracuse Industrial Development Agency (the 'Agency') which property is more particularly described as 120-124 Walton Street and 225-237 West Fayette Street, Syracuse, New York (the 'Project')." Respondent admits this allegation in its answer. Respondent, therefore, comes squarely within the statutory definition of a contractor.

Respondent argues, however, that pursuant to the provisions of its contract with petitioner, respondent is designated as the owner and petitioner as the contractor thereby precluding a finding that respondent is a contractor. Respondent argues further that because it, as a vendee in possession, comes within the statutory definition of an owner, it cannot be treated as a contractor. Such arguments are fallacious. The labels or terms employed in a contract are not always controlling. This is especially true for the term "contractor" since we must look not to the terms by which the parties refer to themselves, but rather to all of the facts constituting the relationship (see, Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 85 Misc 2d 304, 308, affd 43 NY2d 952, appeal dismissed 439 US 804).

There is nothing contradictory about an owner also being a contractor. It is common for an owner to enter into a series of contracts for improvement of his property thereby acting as a general contractor. So it is in the present case. Respondent, acting as a general contractor, entered into a contract with petitioner as a subcontractor to provide work, labor, services and material to construct the project. Since petitioner was not paid for its work, it is entitled to the relief afforded an unpaid worker under the trust provisions of the Lien Law. By so holding, we carry out the general purpose of the statute without encroaching upon the protections afforded SIDA, as a public agency under the Lien Law.

■ Respondent's final point goes to the relief granted by Special Term. Respondent correctly points out that petitioner, in its original notice, asked only for a verified statement pursuant to section 76 of the Lien Law and not for the right of inspection. In its petition, however, and after respondent failed to comply with petitioner's demand, petitioner sought to inspect respondent's books and records. This relief is permitted under section 76 of the Lien Law. Since we are dealing

with the petition and not the notice, Special Term did not err in permitting the relief requested therein.

Accordingly, the order should be affirmed.

DENMAN, J. P., BOOMER, GREEN and DAVIS, JJ., concur.

Order unanimously affirmed, with costs.