THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. CORREIA, Appellant. [871 NYS2d 518]—

Memorandum: Defendant appeals from a judgment convicting him as charged, following a jury trial. The indictment charged defendant with committing one count of grand larceny in the third degree in violation of Penal Law § 155.35, and one count of "[m]isappropriation of funds of trust" in violation of Lien Law § 79-a. We conclude that the judgment of conviction must be reversed and the indictment dismissed. We note at the outset that it is unclear whether the indictment in fact charges defendant with one count of Lien Law larceny in the third degree that is improperly split into two counts, or with one count of common-law grand larceny in the third degree and one count of Lien Law larceny in the third degree. In any event, we agree with defendant that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally insufficient to support the conviction of either crime because it does not establish defendant's intent to steal (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The evidence presented at trial establishes that defendant, a general contractor, contracted with the victim to repair the victim's home after a fire. The evidence further establishes that defendant paid for all of the materials that he ordered to complete the repair work; that he had performed a portion of the repair work before the victim discharged him from working on the project; and that a portion of the funds disbursed to him were intended to reimburse him for his labor. The People failed to prove that defendant did not purchase all of the materials set forth in the invoices for which funds were disbursed to him. The People also failed to prove that any demand for payment of a trust claim was made of defendant or that, if such a demand for payment was in fact made, that defendant failed to comply with the 31-day time period set forth in Lien Law § 79-a (1) (b). Although defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), we exercise our power to review his challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

In view of our decision, we do not address defendant's remaining contentions. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.