■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGG GRATES, Respondent. (Appeal No. 1.) [886 NYS2d 537]—

Appeal from an order of the Oneida County Court (Charles C. Merrell, A.J.), entered September 29, 2008. The order dismissed the indictment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by reinstating the third count of the indictment and reducing that count to falsifying business records in the second degree (Penal Law § 175.05) and as modified the order is affirmed, and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: The People appeal from an order dismissing the indictment against defendant in its entirety. With respect to the first count of the indictment, charging defendant with grand larceny in the third degree (Penal Law § 155.35), based on Lien Law § 79-a (1) (b), we reject the People's contention that the evidence before the grand jury was legally sufficient to support that count. Pursuant to Lien Law article 3-A, "a general contractor who receives funds on a project holds the funds as a trustee and if the contractor applies or consents to the use of those funds for any purpose other than valid trust purposes, he or she is deemed to have diverted trust funds and may be guilty of larceny for failure to pay trust claims within 31 days of the time the claim is due" (*People v Miller*, 23 AD3d 699, 700 [2005], *lv denied* 6 NY3d 815 [2006]; *see* Lien Law §§ 70, 71, 79-a [1]). We conclude that the People failed to present evidence to the grand jury establishing that the specific funds received by defendant from the owner for whom he was building a house were used for any purpose other than for the trust purposes (*see* § 79-a [1]; *see generally Miller*, 23 AD3d at 700). With respect to the second count of the indictment, charging defendant with offering a false instrument for filing in the first degree (Penal Law § 175.35), we note that, according to the order on appeal, that count was withdrawn.

With respect to the third count of the indictment, charging defendant with falsifying business records in the first degree (Penal Law § 175.10), we conclude that the evidence before the grand jury was legally insufficient to support that count. Nevertheless, we conclude that the evidence before the grand jury was legally sufficient to support the lesser included offense of falsifying business records in the second degree pursuant to either subdivision (1) or (2) of section 175.05. The evidence established that defendant crossed out the proper name of his company on a draft version of a confession of judgment and wrote in the name of his prior business, which no longer existed. He thereafter signed the final version of the confession of judgment in the name of the prior, nonexistent business. "A person is guilty of falsifying business records in the second degree when, with intent to defraud, he [or she] . . . [m]akes or causes a false entry in the business records of an enterprise; or . . . [a]lters . . . a true entry in the business records of an enterprise" (§ 175.05 [1], [2]). We conclude that the confession of judgment, which evidenced a debt of defendant's company owed to another company for construction materials, constituted a business record, i.e., a writing "kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity" (§ 175.00 [2]; *see generally People v Bloomfield*, 6 NY3d 165, 170 [2006]). Viewed in the light most favorable to the People, the confession of judgment signed by defendant in the name of his prior business, " 'if unexplained and uncontradicted, would warrant conviction [of falsifying business records in the second degree] by a petit jury' " pursuant to either subdivision (1) or (2) of Penal Law § 175.05 (*People v Bello*, 92 NY2d 523, 525 [1998], quoting *People v Jennings*, 69 NY2d 103, 114 [1986]). We therefore modify the order by reinstating the third count of the indictment and reducing that count to falsifying business records in the second degree, and we remit the matter to County Court for the People to specify the subdivision of section 170.05 to which the third count of the indictment relates and, as so specified, for further proceedings with respect to that count. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.