THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME REYES, Appellant. [894 NYS2d 43]—

Defendant was a correction officer at the Rose M. Singer Center on Rikers Island. He was charged with, among other things, first- and third-degree rape and first- and second-degree falsifying business records, stemming from his alleged rape of an inmate in August 2003.

At the time of the alleged rape, defendant's assignment was

to remain in a glass-enclosed control room overlooking two housing units. The falsifying business records counts were based on defendant's false logbook entry that at the time in question he was helping to escort inmates to the mess hall. The People's theory was that defendant falsely indicated he was at the mess hall in order to give himself an alibi and conceal the fact that he was in the complainant's cell sexually assaulting her.

As pertinent here, a person is guilty of second-degree falsifying business records when, "with intent to defraud, he . . . [m]akes or causes a false entry in the business records of an enterprise" (Penal Law § 175.05 [1]). A person is guilty of first-degree falsifying business records when "he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10). Hence, second-degree falsifying business records is a lesser included offense of the first-degree crime, with the sole difference between the two being that the higher crime requires a specific intent to commit or conceal another crime (see People v Grates, 66 AD3d 1517, 1519 [2009]).

We conclude that the court erred in submitting the second-degree crime to the jury over defendant's objection, because there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater. As noted, the People's sole theory with respect to the two counts of falsifying business records was that defendant falsely indicated in the logbook that he was off-post during the inmates' mealtime, in order to hide the fact that he had raped the complainant during that time frame. Given this exclusive theory and the evidence adduced at trial to support it, there would be no way for the jury to acquit defendant of first-degree falsifying business records—entailing a rejection of an intent to conceal a rape—but still convict him of the second-degree count. The People simply did not afford the jury any basis, other than intent to conceal the alleged rape, to support any finding of the generalized "intent to defraud" which is a requisite element of the second-degree crime. To the extent the People are now arguing there was a reasonable view that defendant's false logbook entry was only intended to conceal his absence, in violation of Department of Correction rules, from his post in the control room, no such theory was ever presented at trial. Moreover, such a theory makes no sense, because defendant would have had no reason to make a false admission that he had improperly left his assignment by going to the mess hall.

Under the facts, either defendant's intent was to conceal the

alleged rape, or he had no fraudulent intent at all. As such, only the higher count of first-degree falsifying business records should have been submitted to the jury. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.