People v Cahoon (2019 NY Slip Op 07180)





People v Cahoon


2019 NY Slip Op 07180


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


885 KA 16-00632

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN E. CAHOON, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered March 17, 2016. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35 [1]), based on Lien Law § 79-a (1) (b), defendant contends that the evidence is not legally sufficient to support the conviction. We affirm.
Pursuant to Lien Law § 79-a (1) (b), "[a]ny trustee of a trust arising under this article, and any officer, director or agent of such trustee, who applies or consents to the application of trust funds received by the trustee as money . . . for any purpose other than the trust purposes of that trust, as defined in section seventy-one, is guilty of larceny and punishable as provided in the penal law if . . . such funds were received by the trustee as contractor or subcontractor, as such terms are used in article three-a of this chapter, and the trustee fails to pay, within thirty-one days of the time it is due, any trust claim arising at any time." Article 3-A of the Lien Law further provides that "funds . . . received by a contractor under or in connection with a contract for an improvement of real property, or home improvement, . . . shall constitute assets of a trust" (Lien Law § 70 [1]). "The assets of an article 3-A trust shall be held and applied' to payment of article 3-A trust beneficiaries and costs of the improvement to real property" (Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor, 97 NY2d 256, 261 [2002], quoting § 71).
Defendant contends that the evidence is legally insufficient to establish that he was a contractor within the meaning of the Lien Law because he did not sign the agreement pursuant to which his construction company contracted with the property owner to build a house. Defendant failed to preserve his contention for our review, however, "inasmuch as his motion for a trial order of dismissal was not specifically directed at the alleged error on appeal" (People v Cooper, 77 AD3d 1417, 1418 [4th Dept 2010], lv denied 16 NY3d 742 [2011]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention lacks merit. Although the statute defines a contractor as "a person who enters into a contract with the owner of real property for the improvement thereof" (Lien Law § 2 [9]), "the term for purposes of the Lien Law must be restricted to one who would be so characterized in . . . common speech' " (Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 85 Misc 2d 304, 308 [Sup Ct, Queens County 1976], affd 56 AD2d 30 [2d Dept 1977], affd 43 NY2d 952 [1978], appeal dismissed 439 US 804 [1978], quoting McNulty Bros. v Offerman, 221 NY 98, 105 [1917]). "As such, [a contractor] is one who has undertaken to improve the property of another . . . . The determination is then not based on the terms by which parties refer to themselves but rather on all of the facts constituting the relationship" (id.; see Burns Elec. Co. v Walton St. Assoc., 136 AD2d 291, 295 [4th Dept 1988], affd 73 NY2d 738 [1988]). Thus, in McNulty, the Court of Appeals explained [*2]that a contractor "is one who, in the usual course of trade, has undertaken to improve the property of another" (221 NY at 105).
Here, the evidence at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), establishes that defendant was the sole principal of Cahoon Construction, the entity with whom the property owner contracted to construct the house; that defendant was the sole authorized signatory of the account into which the construction funds at issue were deposited; and that defendant signed a letter indicating that he was indeed the contractor. Thus, contrary to defendant's contention, the evidence is legally sufficient to establish that he was a contractor in possession of trust funds for purposes of the Lien Law (cf. People v Correia, 57 AD3d 1487, 1488 [4th Dept 2008]; see generally People v Melino, 52 AD3d 1054, 1055 [3d Dept 2008], lv denied 11 NY3d 791 [2008]).
Defendant further contends that the evidence is legally insufficient to establish that he misappropriated trust funds pursuant to Lien Law § 79-a (1) (b). We reject that contention. The evidence, viewed in the light most favorable to the People, is legally sufficient to establish that defendant did not maintain the required records for the trust (see Lien Law § 75 [1]-[3]), and it is well settled that "failure of such a trustee to maintain the requisite books and records constitutes presumptive evidence of diversion" (People v Miller, 23 AD3d 699, 700 [3d Dept 2005], lv denied 6 NY3d 815 [2006]; see People v Grates, 66 AD3d 1517, 1518 [4th Dept 2009]). The evidence also establishes that the property owner submitted a claim for a refund of trust assets and that defendant failed to provide an accounting or pay that claim within 31 days.
Contrary to defendant's additional contention, the evidence is legally sufficient to disprove the defense set forth in Lien Law
§ 79-a (1) (b), i.e., that a trustee's failure to pay a claim for trust funds "shall not be deemed larceny by reason of failure to pay the disputed claim within thirty-one days of the date when it is due if the trustee pays such claim within thirty-one days after the final determination of such dispute," provided that the trustee "disputes in good faith the existence, validity or amount of a trust claim or disputes that it is due" (id.). Here, upon the property owner submitting a claim for reimbursement of trust funds, defendant replied by letter within the 31-day limit. Although the letter arguably could be construed to dispute the existence of the claim, under the circumstances, the evidence was legally sufficient to permit the jury to conclude that defendant did not, in good faith, dispute the claim. Indeed, the evidence establishes that defendant failed to maintain the required records (see Lien Law § 75 [1]-[3]), respond to any of the property owner's requests for an accounting of the funds, or perform more than minimal work on the subject property, and further establishes that defendant used the trust funds for numerous non-trust expenditures and failed to take any action on the claim after doing so.
Finally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court