Hailey Insulation Corp. v Turner Constr. Co. (2022 NY Slip Op 03074)

Hailey Insulation Corp. v Turner Constr. Co.

2022 NY Slip Op 03074

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 654169/20 Appeal No. 15900 Case No. 2021-04289 

[*1]Hailey Insulation Corporation, Plaintiff-Respondent,
v
Turner Construction Company, Defendant-Respondent, Flight Center Hotels LLC, Defendant-Appellant.

Wasserman Grubin & Rogers, LLP, New York (Douglas J. Lutz of counsel), for appellant.
Bahn PLLC, New York (Martin I. Gold of counsel), for Hailey Insulation Corporation, respondent.
Peckar & Abramson, P.C., New York (Mark A. Snyder of counsel), for Turner Construction Company, respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered April 29, 2021, which, to the extent appealed from, denied defendant Flight Center Hotel LLC's motion to dismiss the sole cause of action against it, for violation of article 3A of the Lien Law, unanimously affirmed, with costs.
The court properly denied the motion to dismiss the article 3-A claim against Flight Center. The complaint adequately states an article 3-A claim based on allegations that Flight Center is a hotel development company that leased publicly owned land from the Port Authority in connection with the construction of the TWA Hotel Project and Conference Center, as such allegations can show that Flight Center meets the definition of a "contractor" under Lien Law § 2(9) that is subject to article 3-A trust obligations for a public improvement (Lien Law §§ 70, 71). The fact that Flight Center, as lessee, also satisfies the definition of "owner" under Lien Law § 2(3), does not preclude the finding that it is also a contractor and subject to article 3-A as such (see Canron Corp. v City of New York , 214 AD2d 115, 123 [1st Dept 1995], affd 89 NY2d 147 [1996]; see also Burns Elec. Co. v Walton St. Assoc. , 136 AD2d 291 [4th Dept 1988], affd 73 NY2d 738 [1988]). Nor is Flight Center's status as a contractor under the Lien Law § 2(9) definition negated to the extent it may have hired defendant Turner as general contractor to undertake all actual contractor and supervisory work on the construction project. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022